UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
MARLA ANDERSON,　　　　　　　　　　　　　　　　　***COMPLAINT AND***
　　　　　　　　　　　　　　　　　　　　　　　　　　　***JURY DEMAND***

　　　　　　　　　　　　　　　Plaintiff,

　　-against-　　　　　　　　　　　　　　　　　　　　Docket No.

OMARR LOFTON; "JOHN and JANE DOE 1-10",　　　　16-cv-1921
individually and in their official capacities (the names
John Doe being fictitious, as the true names are
presently unknown),　　　　　　　　　　　　　　　　ECF CASE

　　　　　　　　　　　　　　　Defendants.
-------------------------------------------------------------------------X

　　　　Plaintiff Marla Anderson, by her attorney Cary London, Esq., of London Indusi, LLP, for his complaint against Defendants alleges as follows:

## PRELIMARY STATEMENT

　　　　1. This is a civil rights action in which Plaintiff seeks relief through 42 U.S.C. §1983 and 42 U.S. §1988 for the violation of her civil rights protected by the Fourth and Fourteenth Amendments of the United States Constitution.

　　　　2. The claim arises from a September 22, 2015 incident in which Defendants, acting under color of state law, unlawfully detained and arrested Ms. Anderson without probable cause. Ms. Anderson initially spent approximately 18 hours unlawfully in police custody. At arraignment, Ms. Anderson reluctantly accepted, an Adjournment in Contemplation of Dismissal, and admitted no wrongdoing.

　　　　3. Plaintiff seeks monetary damages (compensatory and punitive) against Defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

1

## JURISDICTION

4. This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and under 42 U.S.C. §1983 and §1988.

5. The jurisdiction of this court is predicated upon 28 U.S.C. §§ 1331 and 1343(a) (3) and (4).

## VENUE

6. Venue is laid within the Eastern District of New York in that a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District. 28 U.S.C. § 1391 (b).

## PARTIES

7. Plaintiff Marla Anderson ("Ms. Anderson") resided at all times here relevant in Kings County, City and State of New York.

8. Omarr Lofton, Shield No. 835 ("Lofton") was, at all times here relevant, a police officer employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Lofton was, at the time relevant herein, a Police Officer under Shield # 835 of the 67th Precinct. Defendant Lofton is sued in his individual capacity.

9. At all times relevant Defendants John Doe 1 through 10 were police officers, detectives, supervisors, policy makers and/or officials employed by the NYPD. At this time, Plaintiff does not know the real names and/or shield number of Defendants John Doe 1 through 10.

10. At all times relevant herein, Defendants John Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD. Defendants John Doe 1 through

10 are sued in their individual and official capacities.

11. At all times here mentioned Defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## FACTUAL CHARGES

12. On September 22, 2015 at approximately 2:00 PM., Ms. Anderson was entering her mother's house located at 994 Rutland Avenue in Brooklyn, New York.

13. Ms. Anderson's mother is named Ora Moore.

14. Ms. Anderson was with her three small children, returning from the hair salon on Rutland and Rockaway, in Brooklyn, New York.

15. Ms. Anderson had permission to be in her mothers' house on September 22, 2015.

16. Ms. Anderson was not committing any crime or violating any local law or ordinance.

17. Ms. Anderson entered her mother's house, and walked up one flight of stairs.

18. When Ms. Anderson got to the top of the stairs, a Defendant pointed his gun at Ms. Anderson and her three small children.

19. Ms. Anderson and the three small children, scared, ran down the stairs.

20. The Defendants, including Defendant Lofton, unlawfully stopped and detained Ms. Anderson on the first floor of her mother's home for no reason.

21. The Defendants did not observe Ms. Anderson commit any crime or violation.

22. The Defendants searched Ms. Anderson person without authority or consent.

23. No contraband or anything of illegality was found on Ms. Andersons' person.

24. The Defendants, including Defendant Lofton, unlawfully handcuffed Ms. Anderson and arrested her.

25. The Defendants did not have probable cause or reasonable suspicion to arrest Ms. Anderson.

26. Ms. Anderson did not resist arrest.

27. The Defendants dragged Ms. Anderson to a white van outside the residence.

28. When Ms. Anderson entered the van, the Defendants, including Defendant Lofton, threw Ms. Anderson face down on the seat and sat on Ms. Andersons back, causing her pain.

29. The Defendants, including Defendant Lofton, grabbed Ms. Anderson's face, and used OC Spray on Ms. Anderson from a very short distance, causing injury to her eyes.

30. Ms. Anderson screamed in pain.

31. Ms. Anderson asked why she was being arrested.

32. The Defendants, including Defendant Lofton, refused to answer Ms. Anderson.

33. Ms. Anderson was transported to the 67th Precinct.

34. While Ms. Anderson was in central bookings, Defendants, including Defendant Lofton, conveyed false information to prosecutors in order to have Ms. Anderson prosecuted for Obstructing Governmental Administration and Resisting Arrest.

35. Mr. Hutchins was unlawfully held in police custody for approximately 18 hours and arraigned on those charges.

36. At arraignments, Ms. Anderson reluctantly accepted an Adjournment in Contemplation of Dismissal, and admitted no wrongdoing.

37. At all times relevant hereto, Defendants were involved in the decision to arrest Ms. Anderson without probable cause or failed to intervene in the actions of his fellow officers when he observed them arresting Ms. Anderson without probable cause.

38. During all of the events described, Defendants acted maliciously, willfully, knowingly

and with the specific intent to injure Ms. Anderson and violate her civil rights.

39. As a direct and proximate result of the acts of Defendants, Ms. Anderson suffered the following injuries and damages: violation of his rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution, emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety, and loss of liberty.

### FIRST CAUSE OF ACTION
Unlawful Stop and Search
42 U.S.C. § 1983 Against Individual Defendants

40. The above paragraphs are here incorporated by reference as though fully set forth.

41. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched Plaintiffs without reasonable suspicion.

42. As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages herein before alleged.

### SECOND CAUSE OF ACTION
False Arrest and False Imprisonment Under
42 U.S.C. § 1983 Against Individual Defendants

43. The above paragraphs are here incorporated by reference as though fully set forth.

44. The Defendants violated the Fourth and Fourteenth Amendments to the U.S. Constitution by wrongfully and illegally arresting, detaining and imprisoning Plaintiff.

45. The wrongful, unjustifiable, and unlawful apprehension, arrest, detention, and imprisonment of Plaintiff was carried out without a valid warrant, without Plaintiff's consent, and without probable cause or reasonable suspicion.

46. At all relevant times, Defendants acted forcibly in apprehending, arresting, and imprisoning Plaintiff.

47. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### THIRD CAUSE OF ACTION
Failure to Intervene Under
42 U.S.C. § 1983 Against Individual Defendants

48. The above paragraphs are here incorporated by reference as though fully set forth.

49. Those Defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

50. Accordingly, the Defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

51. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### FOURTH CAUSE OF ACTION
Denial of Right to Fair Trial Under
42 U.S.C. § 1983 Against Individual Defendants

52. The above paragraphs are here incorporated by reference as though fully set forth.

53. The individual Defendants created false evidence against Plaintiff, to wit, sworn documents and testimony alleging that Ms. Anderson committed a criminal act.

54. The individual Defendants forwarded false evidence to prosecutors in the King's County District Attorney's office.

55. In creating false evidence against Plaintiff, and in forwarding false information to prosecutors, the individual Defendants violated Plaintiff's right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

56. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the

damages hereinbefore alleged.

## FIFTH CAUSE OF ACTION
Excessive Force Under
42 U.S.C. § 1983

57. The above paragraphs are here incorporated by reference as though fully set forth.

58. The individual Defendants used excessive, unreasonable and unnecessary force with plaintiff.

59. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on the plaintiff without consent.

60. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants, jointly and severally, as follows:

- a) In favor of Plaintiff in an amount to be determined by a jury for each of Plaintiff's causes of action;
- b) Awarding Plaintiff punitive damages in an amount to be determined by a jury;
- c) Awarding Plaintiff compensatory damages in an amount to be determined by a jury;
- d) Awarding Plaintiff reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and
- e) Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: April 19, 2016
    Brooklyn New York                                   Respectfully submitted,

          <u>      /s/ Cary London, Esq.      </u>
          *Cary London, Esq.*
          Bar Number: CL2947
          Attorney for Ms. Anderson
          London Indusi LLP
          186 Joralemon Street, Suite 1202
          Brooklyn, NY 11201
          (718) 301-4593 – Phone
          (718) 247-9391 – Fax
          Cary@LondonIndusi.com